UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Titan International Technologies LTD, | Case No. 2:24-cv-00861-CDS-BNW |
| Plaintiff | **Order Granting Defendant's Motion for Summary Judgment and Denying as Moot Defendants' Motion to Dismiss** |
| v. | |
| Cobra Firing Systems, LLC, et al. | [ECF Nos. 37, 38] |
| Defendants | |

Plaintiff Titan International Technologies Ltd brings this action against defendants Cobra Firing Systems, LLC and Phantom Fireworks Showroom LLC alleging that they infringed on two of Titan's patents: Patent 11,733,009 ('009 patent) and Patent 11,709,037 ('037 patent). Am. compl., ECF No. 29. Defendants filed a motion for summary judgment and a motion to dismiss. Mot. for summ j., ECF No. 37; Mot. to dismiss, ECF No. 38. The motions are fully briefed. *See* Opp'n, ECF No. 46; Reply, ECF No. 47.[1] As a threshold matter, defendants request that I strike Titan's amended complaint as it was filed after the twenty-one-day deadline to amend as a matter of course and without leave. ECF No. 37 at 6; ECF No. 38 at 6. Although the amended complaint is technically untimely, for purposes of judicial efficiency, and because the parties have briefed both a motion to dismiss and a motion for summary judgment, I decline to strike the amended complaint. For the reasons herein, I grant defendants' motion for summary judgment.[2]

I.    Background

Titan is an organization based in Hong Kong, China. ECF No. 29 at ¶ 1. It owns two patents entitled "Automated Detonation of Fireworks"—the '009 patent and the '037 patent. *See*

---

[1] The motion to dismiss and motion for summary judgment are identical, so defendants provided a combined opposition, to which plaintiff replied.

[2] Because I grant defendant's motion for summary judgment, the motion to dismiss is denied as moot.

'009 Patent, Pl.'s Ex. A, ECF No. 29-1; '037 Patent, Pl.'s Ex. B., ECF No. 29-2. Cobra Firing Systems and Phantom Fireworks Showroom are companies based in Nevada. ECF No. 29 at ¶¶ 2, 3. Since July 27, 2023, Titan has been selling products using the '009 patent and the '037 patent called Ignite i18 and Ignite i36. *Id.* at ¶ 7. Titan alleges that since July 27, 2023 "Defendants have sold, and offered for sale, in the United States, and in this judicial district, products that infringe at least claim 1 of the 009 patent and at least claim 11 of the 037 patent, namely, Ignite i18 and Ignite i36." *Id.* at ¶ 8; *see* Images, Pl.'s Ex. C, ECF No. 29-3.

## II.    Legal standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

### III.    Discussion

Titan alleges that the defendants directly infringed on the '009 and '037 patents.[3] For a claim of direct patent infringement to survive summary judgment, Titan must demonstrate that there is a genuine issue of material fact as to whether the defendants, without authority, make, use, offer to sell, or sell any patented invention.  *FluorDX LLC v. Quidel Corp.*, 2020 U.S. Dist. LEXIS 138598, at *4 (S.D. Cal. Aug. 4, 2020). Titan does not meet this burden. As to Cobra, in the motion for summary judgment, defendants provide evidence in the form of a declaration from Cobra's CEO Scott Smith stating that Cobra does not make, use, sell, or offer to sell the Ignitei18 or Ignitei36 fireworks. Smith decl., ECF No. 37-4 at ¶ 4. The declaration further provides that these products are made and sold by a company called Ignite Firing Systems, LLC, which is incorporated in Delaware. *Id.* at ¶ 5. Although Smith is the CEO of both Ignite Firing Systems, LLC and Cobra, he states that they are "entirely separate" companies and that they have different tax identification numbers, different states of incorporation, and different accounts and operations. *Id.* at ¶¶ 6, 7. He further states that Cobra does not control the operations of Ignite Firing Systems, LLC. *Id.* at ¶ 8. In response, Titan provides a declaration from its CEO, Kevin Wu, that states that Titan has "reason to believe" the assertion that Cobra does not sell or offer for sale the infringing products is inaccurate. Wu decl., ECF No. 46-1 at ¶ 4. To support this, Wu states that "Titan has found Cobra-branded products available to consumers in Nevada that **contribute** to infringement of the asserted claims." *Id.* (emphasis added). Titan provides an image of what Wu describes as a "Cobra-branded package containing wires for use **with** the accused i18 and i36 products here accused of infringement. These wires

---

[3] Although not clearly stated in the amended complaint, because Titan alleges that the defendants sell and have offered to sell a product that allegedly infringes on the patents, it brings a claim of direct infringement. *See Cybiotronics, Ltd. v. Golden Sources Elecs., Ltd.*, 130 F. Supp. 2d 1152, 1163 (C.D. Cal. 2001) ("[T]o be liable for direct patent infringement pursuant to 35 U.S.C. § 271(a), an alleged infringer must 'make[ ], use[ ], offer[ ] to sell or sell[ ] any patented invention[ ] within the United States or import[ ] into the United States any patented invention during the term of the patent . . . .'") (citing 35 U.S.C. § 271(a)).

1  have no substantial use other than with these accused i18 and i36 systems." *Id.* (emphasis added);

2  *see* Image of Cobra wires, Pl.'s Ex. B, ECF No. 46-1 at 20.

3      The evidence Titan provides does not create a genuine issue of material fact

4  demonstrating that Cobra sells or offers to sell the i18 or i36 products. At most, it provides a

5  conclusory statement that Cobra sells certain wires that can be used with the allegedly

6  infringing products. Titan does not even meaningfully explain *how* the wires can be used with

7  the allegedly infringing product. Further, nowhere in any of the pleadings does Titan allege that

8  the wires themselves infringe on either the '009 patent or the '037 patent. Additionally, in the

9  images Titan provides of the allegedly infringing products, all of the products have the word

10 "Ignite" on them—the word Cobra does not appear at all. *See* Pl.'s Ex. A, ECF No. 46-1 at 7–9.

11 There is nothing in the record before me that allows me to find there exists a genuine issue of

12 material fact as to whether Cobra sells or offers to sells items that infringe on the '009 and '037

13 patents. Further, the record is devoid of any evidence demonstrating a genuine issue of material

14 fact exists as to whether Phantom Fireworks Showroom sells or offers to sell the infringing

15 products. Although Titan provides a screenshot of Phantom's website, it is entirely unclear how

16 that website is related to the allegedly infringing products. ECF No. 46-1 at 9. Titan states that

17 the Ignite application, which it alleges infringes on the patents, can also access a website

18 managed by Phantom Fireworks. *Id.* Assuming arguendo this representation as true, without

19 more, this does not create a genuine issue of material fact as to whether Phantom is selling or

20 offering to sell the infringing products. Titan's claims of direct patent infringement of the '009

21 and '037 patents simply cannot survive summary judgment. Defendants' motion for summary

22 judgment is therefore granted.

23 **IV.    Conclusion**

24      IT IS THEREFORED ORDERED that defendants' motion for summary judgment [ECF

25 No. 37] is GRANTED.

26

IT IS FURTHER ORDERED that defendants' motion to dismiss [ECF No. 38] is DENIED as moot.

The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

Dated: July 2, 2025

_____
Cristina D. Silva
United States District Judge