UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Titan International Technologies, LTD

           Plaintiff

v.

COBRA Firing Systems, LLC, et al.

           Defendants

Case No. 2:24-cv-00861-CDS-BNW

**Order Granting Defendant's
Motion for Attorney's Fees**

[ECF No. 56]

This was a patent dispute brought by plaintiff Titan International Technologies Ltd. against Cobra Firing Systems, LLC and Phantom Fireworks Showroom LLC. *See* Am. compl., ECF No. 29. The defendants filed a motion for summary judgment, which was granted on July 3, 2025. Mot. for sum. j., ECF No. 37; Order, ECF No. 52. The defendants now move for attorney's fees. Mot., ECF No. 56. Their motion is fully briefed. Opp'n., ECF No. 59[1]; Reply, ECF No. 62. For the reasons set forth herein, I grant the defendants' motion for attorney's fees.

I.      **Legal authority**

The Patent Act provides that "[t]he court in *exceptional* cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (emphasis added). In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the Supreme Court explained that "exceptional" carries its ordinary meaning of "'uncommon,' 'rare,' or 'not ordinary.'" 572 U.S. 545, 554 (2014). It further explained that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554.

When determining if a case is exceptional, a court considers the totality of the

---

[1] Titan's opposition is 29 pages, in violation of Local Rule 7-3(b), which states in relevant part that "[a]ll other motions, responses to motions, and pretrial and post-trial briefs are limited to 24 pages, excluding exhibits." LR 7-3(b).

circumstances. *Id.* After doing so, the court may award fees after finding that a party's engaged in unreasonable conduct—"while not necessarily independently sanctionable—is nonetheless" exceptional. *Id.* at 555. Relevant considerations may include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)); *see also Stragent, LLC v. Intel Corp.*, 2014 WL 6756304, at *3 (E.D. Tex. Aug. 6, 2014) (explaining that factors that can be considered include, but are not limited to, "bad faith litigation, objectively unreasonable positions, inequitable conduct before the [Patent and Trademark Office], litigation misconduct, and (in the case of an accused infringer) willful infringement."). However, district courts do not award attorney's fees merely to penalize a party for failing to win a patent infringement lawsuit. *Octane Fitness*, 572 U.S. at 548; *see also Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020). To succeed on a motion for attorney's fees under § 285, the moving party must prove entitlement to them by a preponderance of the evidence. *Octane Fitness*, 572 U.S. at 557-58.

Further, a party must comply with Local Rule 54-14 when seeking attorney's fees. That rule specifically delineates what must be included in the motion for attorney's fees. *See* LR 54-14. As a threshold matter, I find that the plaintiffs complied with Local Rule 54-14. That rule requires any application for attorney's fees to include an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of thirteen categories of information designed to elicit more information about the case and the work that the attorney performed. LR at 54-14(a)(1), (3).

## II.    Summary of the pleadings

The defendants argue this case meets the *Octane Fitness* "exceptional" standard for two reasons: (1) the litigation was "meritless" and (2) the plaintiff's litigation's conduct unreasonable. *See* ECF No. 56 at 5–6. To support their "meritless" argument, the defendants assert that "no reasonable litigant could reasonably expect success on the merits of Titan's

position given the governing law and facts in this case," noting Titan initially failed to plausibly allege how the defendants were allegedly infringing on the asserted Patents, and then after being given leave to amend, failed to cure the pleading deficiencies. *Id.* To support their argument that Titan's litigation conduct was unreasonable, the defendants argue that they repeatedly informed Titan that Cobra did not make, use, or sell the accused products, but Titan persisted in the litigation, to include filing a motion to compel without first engaging in a meet and confer as required by Local Rule 26-6(c), "seeking responses to thirty-one document requests even though the time period for discovery had not yet commenced." *Id.* at 6. The defendants assert that Titan's actions—namely, pursuing a meritless case—caused them to incur substantial attorneys' fees.[2] *See id.*

In opposition,[3] Titan first argues that this court lacks jurisdiction over this motion or, in the alternative, that it is premature given Titan's pending appeal before the Federal Circuit. ECF No. 59 at 6–7. Second, Titan argues that the defendants waived any right to seek fees because they did not reserve the right to seek them. *Id.* at 7–8. Last, Titan argues that this case falls short of meeting the "exceptional" standard set forth in 35 U.S.C. § 285.

In reply, the defendants assert that Titan continues to advance "exceptionally weak arguments," ignores the rules of the court, and inappropriately argues that it is entitled to relief under Fed. R. Civ. P. 56(d) without following the requirements, and to inappropriately argue they are entitled to summary judgment without filing a proper motion. *See* ECF No. 62.

III.     Discussion

---

[2] Defendants seek $71,901 in fees. *See* ECF No. 56 at 7.

[3] In its opposition, Titan incorporate three additional motions: (1) a motion to renew discovery, (2) denial of defendants' request to dismiss Cobra as a defendant; and (3) what the court construes as a motion for reconsideration of its order granting defendants' summary judgment motion. ECF No. 59 at 20-21; 24-29. These requests violate LR IC 2-2(b) which states "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." *See* LR IC 2-2(b). Titan failed to file separate documents seeking separate relief. Titan's request for relief under Fed. R. Civ. P. 56(d) is addressed below. The remaining inappropriate motions are denied as improper. Titan is cautioned that failure to follow the rules of the court, to include the local rules, can be grounds for sanctions. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules is a proper ground for sanctions).

### A. This case is exceptional.

As a threshold matter, Titan's argument that the court lacks jurisdiction over this motion due to their pending appeal runs afoul to well-established Ninth Circuit precedent holding that a district court in this circuit retains jurisdiction to rule upon a request for attorney's fees even after a notice of appeal has been filed. *See Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955 (9th Cir. 1983). The Ninth Circuit has explicitly recognized that while "the effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal," attorney's fees motions constitute an exception to this general rule. *See Ridgeway v. Montana High Sch. Ass'n*, 638 F. Supp. 326 (D. Mont. 1986); *see also League of Women Voters v. FCC*, 751 F.2d 986 (1985) (same). Accordingly, this argument fails.

Second, Titan's argument that the defendants waived their right to attorney's fees by not specifically reserving the right is unsupported by *any authority.* Local Rule 7-2(d) provides that "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes consent to granting of the motion." LR 7-2(d). Accordingly, Titan consents to denial of their motion on this ground.

I thus turn to whether this case meets the "exceptional" standard set forth by *Octane Fitness* and find that it does. As argued by the defendants, Titan repeatedly violated the Federal Rules of Civil Procedure (FRCP) and the Local Rules.[4] Their inability to comply with the rules was fatal to their case. First, Titan filed an untimely first amended complaint (FAC): it was filed five months after the original complaint was filed, which is well past the 21-days permitted by FRCP 15(a). Moreover, as argued and not refuted by Titan, Titan filed the FAC against Cobra, "[e]ven after it was informed that Cobra did not make, use or sell the accused products," and against Phantom Fireworks of Pahrump, even after being informed no such party exists. *See* ECF No. 56 at 2.

Second, Titan does not dispute it did not meet and confer as required under Local Rule

---

[4] Indeed, their opposition to the defendants' motion is no exception. *See supra*, n.1, 2.

26-6. *See* LR 26-6(c) ("Discovery motions will not be considered unless the movant (1) has made a goodfaith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and confer conference about each disputed discovery request."). Further, while Titan filed a motion to compel under Fed. R. Civ. P. 34, its motion was denied as premature because:

> Under Federal Rule of Civil 26(d)(2), Early Rule 34 Requests may be delivered to a party more than 21 days after the party is served with the summons and complaint. But the requests are not considered served until the parties hold their Rule 26(f) conference. Fed. R. Civ. P. 26(d)(2)(B). The parties did not hold their Rule 26(f) conference until 10/10/2024, *after* Plaintiff's 24 Motion was filed. *See* ECF No. 25-1. Thus, Defendants' responses to the RFPs are not due until 11/12/2024. Fed. R. Civ. P. 34(b)(2)(A).

Min. order, ECF No. 33. Titan never filed an appeal, sought reconsideration, or sought any other sort of relief to related to that order so it could obtain discovery it claims entitlement to— discovery which, arguably, they are not entitled to because their FAC was untimely.

While Titan, in its opposition to the defendants' motion for summary judgment, sought relief under FRCP 56(d) and renews that request in response to this motion, it failed to demonstrate such relief was warranted then—and fails to do so now—for three reasons. First, a party cannot raise a Rule 56(d) request merely in an opposition brief; it must make a formal motion. *See In re Cardtronics ATM Fee Notice Litig.*, 874 F. Supp. 2d 916 (S.D. Cal. 2012); LR IC 2-2(b). Titan never made a formal motion.

Second, Titan did not include an affidavit identifying the specific facts it sought to elicit from further discovery and explaining how those facts would preclude summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (a party seeking a continuance under Rule 56(d) must show that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."). Instead, it included an affidavit from Titan's CEO, Kevin Wu, which improperly attempted to supplement the FAC's

allegations,[5] or, alternatively, offers conclusory arguments that it has "reason to believe" that Cobra sells or offers to sell Cobra-branded products in Nevada. *See* ECF No. 46-1. This is insufficient and essentially asks this court for permission to conduct a fishing expedition. *See Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.*, 732 F. Supp. 2d 1107, 1125 (D. Haw. 2010) ("Rule [56(d)] is not a license for a fishing expedition in the hopes that one might find facts to support its claims.").

Finally, a party seeking relief under 56(d) must also show that it diligently pursued its previous discovery opportunities—if any. *Bank of Am., NT & SA v. PENGWIN*, 175 F.3d 1109, 1118 (9th Cir. 1999). Titan made no showing last year and makes no showing now. Rather, the record demonstrates that Titan moved to compel discovery on one occasion, at the wrong time. This is a far cry from demonstrating diligence.

Finally, as explained in my order granting the defendants' summary judgment motion, Titan failed to show a genuine issue of material fact as to whether Phantom is selling or offering to sell the infringing products, and failed to show direct infringement of the '009 and '037 patents. *See* ECF No. 52. Based on the foregoing, and considering the totality of the circumstances, I find this case meets *Octane Fitness*'s exceptional standard by clear and convincing evidence. When a plaintiff is notified of the defects of its case yet continues to assert its claims in light of overwhelming evidence to the contrary and proceeds with arguments that a reasonable attorney would know are baseless, it litigates in bad faith. *See Microstrategy Inc. v. Crystal Decisions, Inc.*, 555 F. Supp. 2d 475, 481 (D. Del. 2008). And a case litigated in bad faith is an exceptional one. *Phonometrics. Inc. v. Choice Hotels Int'l, Inc.*, 186 F. Supp. 2d 1231, 1232 (S.D. Fla. 2002), *aff'd*, 65 Fed. Appx. 284 (Fed. Cir. 2003) ("The district court concluded that this case is exceptional because Phonometrics continued to litigate the case even after it knew that it could not prevail on the merits.").

---

[5] The court's order granting the defendants' motion for summary judgment explains the additional deficiencies in Titan's opposition. *See* Order, ECF No. 52 at 3–4.

**B.   The defendants are entitled to attorney's fees.**

Having determined that this is an exceptional case under 35 U.S.C. § 285, I turn to determining whether an award of attorney's fees is appropriate, and if so, the amount of that award. *Forest Labs, Inc. v. Abbott Labs.*, 339 F.3d 1324, 1328 (Fed. Cir. 2003). The defendants seek $71,901.00 in fees, asserting that counsel's hourly rates and the time expended are reasonable, and that the requested fees are tied to the factors that render this case exceptional. *See* ECF No. 56 at 7–10; *see also* Aff., ECF No. 56-1. Titan neither responded to the defendants' arguments that its request is reasonable nor challenged the defendants' assertion that their motion complies with Local Rule 54-14.

One acceptable method of determining the reasonableness of attorney's fees is applying the "lodestar" method. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). In calculating a reasonable fee, the court must first multiply "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424 (1983) "The district court . . . should exclude from this initial fee calculation hours that were 'not reasonably expended.'" *Id.* at 433–34.

To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assurance Soc'y of the United States*, 307 F.3d 997, 1007 n.7 (9th Cir. 2001).

Having reviewed these records, the court finds the number of hours expended by the defendants in this litigation to be reasonable. Here, in total, the attorneys expended a total of 143.20 hours, which equates to approximately 10 hours a month between May 2024 through August 2025. Second, the attorney's hourly rate ranged from $450 to $635 an hour,[6] which I also find to be reasonable. Further, the defendants' motion meets the requirements of Local Rule 54-14: they attached copies of the firms' bills, which included a reasonable itemization and description of the work performed. *See* ECF Nos. 56-2, 56-4. They also attached declarations that addressed the factors under LR 54-14(a)(3). ECF Nos. 56-1, 56-3, 56-5. Accordingly, the court grants the defendants' motion for attorney's fees.

**IV.    Conclusion**

IT IS THEREFORED ORDERED that the defendants' motion for attorney's fees **[ECF No. 56] is GRANTED.** The defendants are awarded a total amount of $71,901 in attorney's fees payable to the defendants' counsel by May 25, 2026.

Dated: March 25, 2026

_____
Cristina D. Silva
United States District Judge

---

[6] While these rates are slightly higher than documented rates in other cases, the court notes that prior cases collecting information regarding hourly fees are from almost ten years ago or more. *See, e.g., Incorp Services, Inc. v. Nev. Corp. Servs., Inc.*, 2011 WL 3855462, at *1 (D. Nev. Aug. 29, 2011) (holding "[a]n hourly fee ranging between $250–$350 an hour is reasonable for experienced associates in the Las Vegas legal market"); *Dentino v. Moiharwin Diversified Corp.*, 2017 WL 187146, at *2–3 (D. Nev. Jan. 17, 2017) (granting fees at $350 per hour for a partner, $225 for an associate, and $125 for a paralegal); *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 2017 WL 44942, at *2 (D. Nev. Jan. 4, 2017) (granting fees at $325 per hour for a partner and $250 for an associate); *Roadhouse v. Patenaude & Felix, A.P.C.*, 2016 WL 5791544, at *4–5 (D. Nev. Sep. 30, 2016) (granting fees at $375 per hour for a partner). Accordingly, the court adjusts the rates for the attorneys over the last decade, takes into account the relative experience of the attorneys, and finds them to be reasonable.